IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LUCIANO VARGAS LOPEZ,<br><br>　　　　　　　　　Petitioner,<br><br>　vs.<br><br>DONALD J. TRUMP, in their official capacity as President of the United States; KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security; PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of the United States Immigration and Customs Enforcement; PETER BERG, in their official capacity as St. Paul Field Office Director for Enforcement and Removal Operations, United States Immigration and Customs Enforcement; JEROME KRAMER, in their official capacity as Dakota County Sheriff, Official of Dakota County Detention Center; and ALLEN GILL, in their official capacity as Field Office Director of Omaha office of United States Immigration and Customs Enforcement,<br><br>　　　　　　　　　Respondents. | 8:25CV526<br><br>**ORDER TO SHOW CAUSE** |

　　　In this action for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner Luciano Vargas Lopez, a longtime (but unauthorized) alien resident of the United States, "seeks immediate release . . . from unlawful detention in violation of his constitutional and statutory rights." Filing 1 at 2 (¶ 1). This action is now before the Court on Vargas Lopez's Application for Issuance of Order to Show Cause pursuant to 28 U.S.C. § 2243, "request[ing] that this Court issue an order to Respondents, requiring them to show cause why his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, should not be granted." Filing 4 at 2 (¶ 1). For the reasons stated below, Vargas Lopez's Application is granted.

1

## I. INTRODUCTION

In the "Introduction" to his Petition for Habeas Corpus, Vargas Lopez alleges,

> 2. Petitioner was detained following a traffic stop in Sioux City, Iowa, on June 24, 2025, and remains in civil detention in the custody of the Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") at the Dakota County Jail in Dakota City, Nebraska.

Filing 1 at 2 (¶ 2).[1] However, in the "Factual Allegations" section of his Petition, he alleges,

> 24. Petitioner was detained during an enforcement action at Glenn Valley Foods in Omaha, Nebraska on June 10, 2025.

Filing 1 at 7 (¶ 24). Notwithstanding the inconsistent allegations about how and when Vargas Lopez's detention began, he alleges that his detention "became unlawful on August 5, 2025," when an Immigration Judge granted him release on bond, but he was not released from custody at the Dakota County Detention Center. Filing 1 at 2 (¶ 5). The Order of the Immigration Judge granting Vargas Lopez release on bond attached to his Petition is dated July 10, 2025, not August 5, 2025. Filing 1-2 at 1.[2]

Vargas Lopez alleges that after the Immigration Judge granted him release on bond, "ICE filed a Notice of ICE Intent to Appeal Custody Redetermination ('EOIR-43') of the [Immigration Judge's] order that Petitioner is eligible for bond and order for his release from custody on bond on July 10, 2025." Filing 1 at 9 (¶ 30); *see also* Filing 1-4 at 1. Furthermore, he alleges, "The filing of the EOIR-43 invoked the automatic stay provision of 8 U.S.C. § 1003.19(i)(2), which reflects [ICE's] reversal of interpretation of bond eligibility." Filing 1 at 9

---

[1] It appears to the Court that reference to detention on June 24, 2025, following a traffic stop was likely a clerical mistake; an identical allegation appears in a Petition for Habeas Corpus filed by the same counsel on behalf of a different petitioner. CM/ECF Case No. 8:25cv520-SMB-RCC, #1 at 2 (¶ 2).

[2] Again, it appears to the Court that the reference to the Immigration Judge granting Vargas Lopez bond on August 5, 2025, was likely a clerical mistake; an allegation identical to Vargas Lopez's allegation in ¶ 5 of his Petition also appears in a Petition for Habeas Corpus filed by the same counsel on behalf of a different petitioner. CM/ECF Case No. 8:25cv520-SMB-RCC, #1 at 2 (¶ 5).

(¶ 31). Thus, despite the Immigration Judge's Order, Vargas Lopez remains detained. Filing 1 at 9 (¶ 33). Vargas Lopez contends that his continued detention "is an unlawful violation of due process, an incorrect interpretation of immigration law, and is *ultra vires*." Filing 1 at 2 (¶ 5).

As mentioned above, in the Application for Issuance of Order to Show Cause now before the Court, Vargas Lopez "requests [pursuant to 28 U.S.C. § 2243] that this Court issue an order to Respondents, requiring them to show cause why his Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, should not be granted." Filing 4 at 2 (¶ 1). He "seeks a constitutionally adequate hearing, to be conducted immediately, at which Respondents must justify his continued detention." Filing 4 at 2 (¶ 3). Thus, in his Application Vargas Lopez prays for the following:

> 8. Pursuant to 28 U.S.C § 2243, and in light of the fact that he has been detained for more than nine months, Petitioner respectfully request[s] that this Court immediately issue an Order to Show Cause against the Respondents.
>
> Petitioner further request[s] pursuant to 28 U.S.C. § 2243 that this Court require respondents to file return within three days of this Court's order, showing cause, if any, when [sic] the writ habeas corpus should not be granted.

Filing 4 at 3 (¶ 8).[3]

## II. LEGAL ANALYSIS

As the United States Supreme Court explained, "In enacting the present Title 28 of the United States Code [in 1948], Congress largely recodified the federal courts' pre-existing habeas authority in §§ 2241 and 2243, which, respectively, confer the power to grant the writ and direct the issuing court to 'dispose of the matter as law and justice require.'" *Jones v. Hendrix*, 599 U.S. 465, 473 (2023) (quoting 62 Stat 869, 964–65). As to habeas relief, "a habeas court is 'not

---

[3] Vargas Lopez's allegation that "he has been detained for more than nine months" cannot be squared with his allegations that he has been in custody since either June 24, 2025, or June 10, 2025. *See* Filing 1 at 2 (¶ 2), 7 (¶ 24).

bound in every case' to issue the writ." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (quoting *Ex parte Royall*, 117 U.S. 241, 251 (1886)). Instead, "[t]he habeas statute provides only that a writ of habeas corpus "*may* be granted." *Id.* (quoting 28 U.S.C. § 2241(a), with emphasis added by the Supreme Court).

> As to the applicable procedure for habeas actions, § 2243 provides as follows:
>
> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.
>
> Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained.
>
> The applicant or the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts.
>
> The return and all suggestions made against it may be amended, by leave of court, before or after being filed.
>
> The court shall summarily hear and determine the facts, and dispose of the matter as law and justice require.

28 U.S.C. § 2243. Thus, "[u]nder 28 U.S.C. § 2243, '[a] court, justice or judge entertaining an application for a writ of habeas corpus' must schedule a hearing on the matter unless it is clear from the application that a petitioner is not entitled to relief." *Crayton v. United States*, 27 F.4th 652, 656 (8th Cir. 2022).

This Court concludes that it is not clear from Vargas Lopez's application that he is not entitled to relief. *Id.*; 28 U.S.C. § 2243 (stating that the court must grant habeas relief or hold a show-cause hearing "unless it appears from the application that the applicant or person detained is not entitled thereto."). On the other hand, the Court declines to "forthwith award the writ" based on no more than Vargas Lopez's allegations. 28 U.S.C. § 2243. Instead, the Court concludes that the proper course in this case is to "issue an order directing the respondent to show cause why the writ should not be granted." *Id.*

Section 2243 sets out certain times for Respondents' "return" of the order to show cause and the setting of a hearing. *Id.* While the Court will set a deadline for Respondents to "make a return certifying the true cause of the detention" within three business days of the date of this order, the Court will consider extending that deadline for up to twenty days upon a showing of good cause for additional time. *Id.* The Court finds good cause, based on the circumstances and allegations presented, to allow Vargas Lopez the opportunity for a written reply after Respondents make their return before the Court sets a show-cause hearing. *Id.* (stating, "When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed."). Accordingly,

IT IS ORDERED that

1. Petitioner Vargas Lopez's Application for Issuance of Order to Show Cause. Filing 4, is granted;

2. Petitioner Vargas Lopez shall serve his Petition and a copy of this Order on Respondents without delay and promptly file proof of such service with the Court;

3.	Respondents shall make a return certifying the true cause of Vargas Lopez's detention and why his Petition should not be granted not later than Wednesday, September 10, 2025, unless Respondents file a motion showing good cause for additional time;

4.	Petitioner Vargas Lopez shall have three days from the date of Respondents' return to file a reply, unless Petitioner files a motion showing good cause for additional time;

5.	The Court will set a prompt hearing on this matter upon the filing of Petitioner Vargas Lopez's reply.

Dated this 5th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge